IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS JAMES SMITH,<br><br>                     Petitioner,<br><br>        vs.<br><br>CLAUDE E. FINN, Warden, Deuel Vocational Institute<br><br>                     Respondent. | No. 2:06-cv-00828-JKS<br><br>ORDER DISMISSING PETITION |

       Petitioner Marcus James Smith, a state prisoner appearing *pro se*, has filed a Petition for Habeas Corpus Relief under 28 U.S. § 2254. Smith is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the Deuel Vocational Institute. Respondent has answered, and Smith has replied.

       On January 16, 2009, this Court stayed further action in this case pending the issuance of the mandate by the en banc panel of United States Court of Appeals for the Ninth Circuit in *Hayward*.[1] The Court of Appeals has rendered its decision in *Hayward*;[2] therefore, this Court now terminates its stay and decides the case.

       In this proceeding, Smith challenges the 2005 Board of Parole Hearings denial of his suitability for parole. It has come to the attention of this Court that in April 2008 and again in April 2009 Smith appeared before the Board for parole suitability hearings. The Board found

---

[1] *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008).

[2] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

Smith unsuitable for parole both times.  Smith unsuccessfully sought habeas corpus relief in the California state courts from both the 2008 and 2009 denials by the Board.  Smith has filed petitions for habeas corpus relief in this Court challenging both the 2008 and 2009 Board determinations,[3] of which this Court takes judicial notice.[4]

Even assuming that this Court were to agree with Smith and grant the writ, the appropriate remedy would be to remand the case to the Board for reconsideration within a reasonable time.  The Board having held two subsequent parole suitability hearings in which it again denied parole, and those are decisions currently the subject of judicial review in this Court, Smith has been accorded any relief that this Court might grant.  Federal courts lack jurisdiction to consider moot claims.[5]  "If there is no longer a possibility that [a party] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."[6]  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."[7]  In this case, this Court cannot grant any effective relief; consequently, it is moot.

ORDER

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**, as moot.

---

[3] *Smith v. Finn*, Case No. 2:08-cv-03136-MCE-JFM (2008); *Smith v. Salinas*, Case No. 2:10-cv-00832-MCE-JFM (2009).

[4] Fed. R. Evid. 201.

[5] *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

[6] *Ruvalcaba v. City of Los Angeles,* 167 F.3d 514, 521 (9th Cir. 1999).

[7] *Feldman v. Bomar,* 518 F.3d 637, 642 (9th Cir. 2008).

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[8] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[9]

The Clerk of the Court is to enter final judgment accordingly.

Dated: July 28, 2010.

                                            /s/ James K. Singleton, Jr.
                                            JAMES K. SINGLETON, JR.
                                            United States District Judge

---

[8] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[9] *See* Fed. R. App. P. 22(b); Second Circuit R. 22.